**Electronically Filed
Supreme Court
SCWC-23-0000022
13-AUG-2024
07:53 AM
Dkt. 26 MO**

SCWC-23-0000022

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

STATE OF HAWAI'I,
Petitioner/Plaintiff-Appellee,

vs.

MYRON POSOA FILIPE,
Respondent/Defendant-Appellant.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-23-0000022; CASE NO. 1FFC-20-0001120)

MEMORANDUM OPINION
(By: Recktenwald, C.J., McKenna, Ginoza, and Devens, JJ.,
and Circuit Judge Park, in place of Eddins, J., recused)

## I.  INTRODUCTION

Petitioner/Plaintiff-Appellee State of Hawai'i (State) filed a timely Application for Writ of Certiorari from the Intermediate Court of Appeals' (ICA) Judgment on Appeal of March 12, 2024.  The ICA's judgment was entered pursuant to the ICA's February 14, 2024 Summary Disposition Order, that reversed the Family Court of the First Circuit's (family court) jury-waived

trial conviction of Respondent/Defendant-Appellant Myron Posoa Filipe (Filipe) for a June 2016 Sexual Assault in the First Degree of a minor less than fourteen years old.[1]  The ICA concluded that Filipe's conviction was not supported by sufficient evidence.[2]  The family court's judgment and subsequent July 18, 2022 findings of fact (FOFs), conclusions of law (COLs), and Order denying Filipe's July 5, 2022 Motion for Judgment of Acquittal/Dismissal and/or New Trial set forth the fact-finder's determination that Filipe had knowingly and voluntarily committed an act of digital sexual penetration of his girlfriend's then-twelve-year-old daughter and was thus guilty of sexual assault in the first degree.

We hold that the ICA erred when it reversed the family court's conviction and concluded that there was insufficient evidence adduced at trial to support the family court's conclusion that Filipe knowingly and voluntarily digitally sexually penetrated a minor less than fourteen years old.

On appeal, when reviewing the sufficiency of evidence to support a trial court's judgment and criminal conviction of a defendant, this court reviews the evidence adduced at trial in

---

[1]     The Honorable Kevin T. Morikone presided.

[2]     Filipe asserted a mistake-of-fact defense at trial, claiming that while in the same bed with his girlfriend and her minor daughter, he thought he was sexually touching his girlfriend and not her daughter.

the strongest light for the prosecution to determine whether there was substantial evidence to support the trier of fact's conclusion.  State v. Kalaola, 124 Hawai'i 43, 49, 237 P.3d 1109, 1115 (2010).  It is well-settled that this court gives "full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact." State v. Yabusaki, 58 Haw. 404, 411, 570 P.2d 844, 848 (1977) (per curiam).

There was substantial evidence presented at trial that supported the fact-finder's conclusion that Filipe acted knowingly and voluntarily.  We therefore vacate the ICA's Judgment on Appeal that reversed the family court's Judgment of Conviction and Sentence entered on November 15, 2022 and remand the case to the ICA to address the remaining four points of error raised by Filipe in his Opening Brief.

## II.  BACKGROUND

On or about June 1 through June 30, 2016, Filipe, his adult girlfriend, and his girlfriend's twelve-year-old daughter, the complaining witness (CW),[3] shared a queen-sized bed, sleeping side by side, in a bedroom at a relative's home.  Usually, the adults slept next to each other, with CW's mother positioned between Filipe and CW; however, CW's mother testified that there

---

[3]     "CW" is an identifier commonly used in Hawai'i's trial courts.

were occasions when CW slept in the middle between her and Filipe. One early morning during that month, according to CW, as she was lying between the two adults, Filipe inserted his finger into her vagina.

At the time the incident occurred, it was morning, with "very bright" daylight and a "couple of lights" on in the bedroom. CW could clearly see it was Filipe. Filipe stopped touching CW after CW stirred and turned her body. CW tried tugging on the clothes of her mother, who was still sleeping, but CW was unable to wake her.

CW did not disclose this incident to anyone the day it happened. A month later, in July 2016, CW told a cousin (also a minor) about the incident. A while later, CW told her mother what had happened, but CW's mother apparently did not report the incident to the police. In early 2018, CW told another relative about the assault, and the incident was reported by someone to the Honolulu Police Department (HPD).

In February 2018, Filipe was arrested for Sexual Assault in the First Degree of a minor less than fourteen years old in violation of Hawai'i Revised Statutes (HRS) § 707-730(1)(b) (2014). Filipe was interviewed by two HPD detectives regarding the sexual assault charge. The lead detective testified that during Filipe's first interview with her, he initially denied

4

ever touching CW but later said that at most, he may have put his arm over her.  However, during further questioning by a second detective, Filipe admitted putting his hand on CW's genital area but claimed that he only touched CW over her clothing and thought he was touching CW's mother.  The second HPD detective testified that Filipe admitted that he had lied in his first statement to the lead detective but was willing to give a second statement.  In his second statement to the lead detective, Filipe admitted to putting his hand on CW's genital area and groping it, but claimed it was not inside her clothing, and denied putting his finger inside of CW.  He also repeated that he thought he was touching CW's mother.

## A.    Family Court Proceedings

Filipe was indicted for Sexual Assault in the First Degree in violation of HRS § 707-730(1)(b)[4] for knowingly engaging in sexual penetration with a person who was less than fourteen

---

[4]     HRS § 707-730 provides in relevant part:

(1) A person commits the offense of sexual assault in the first degree if:

. . .

> (b) The person knowingly engages in sexual penetration with another person who is less than fourteen years old[.]

years old.[5]  Filipe waived his right to a jury trial.  At trial, he asserted a mistake-of-fact defense.

During the June 2022 trial, the State called four witnesses.  The pediatric sexual abuse medical doctor who had examined CW in February 2018 testified that the physical examination revealed genital trauma to CW that was consistent with vaginal penetration.

CW testified that during the early morning of the incident, she was lying on her back facing the ceiling between her mother and Filipe when Filipe moved his hand under her nightgown, under the waistband of her underwear, and placed his finger into her vagina, which she said hurt.  CW further testified that when the incident occurred, she could see Filipe's face and tattoos.  She affirmed that her mother and Filipe had never been intimate in her presence.

The HPD lead detective who had interviewed Filipe during the police investigation testified that Filipe initially denied touching CW.  However, after further questioning by a second

---

[5]      The indictment stated, in relevant part,

> On or about June 1, 2016, to and including June 30, 2016, in the City and County of Honolulu, State of Hawai'i, MYRON POSOA FILIPE, being the parent or guardian or any other person having legal or physical custody of [CW], did knowingly engage in sexual penetration with [CW], who was less than fourteen years old, by inserting his finger into her genital opening, thereby committing the offense of Sexual Assault in the First Degree, in violation of Section 707-730(1)(b) of the Hawai'i Revised Statutes.

detective, Filipe admitted to having lied to the lead detective and subsequently gave a second statement to the lead detective admitting that he had groped CW. But he denied penetrating CW or moving his hand under her clothing. The lead detective testified that Filipe stated that he initially thought he was touching his girlfriend, denied penetrating CW, and stated that he only put his hand on top of CW's pants. When the lead detective asked Filipe to consider, between himself and CW, who was lying, he stated that CW was not lying and that he was probably lying.

The defense's witness was Filipe's girlfriend who testified that she told the police detective that she, rather than CW, was sleeping next to Filipe that morning and that Filipe's arm reached over her to touch CW, whereupon she yelled at Filipe "That's not me. That's [CW]." She testified that this was what she wanted the police to believe happened that morning. She acknowledged that in her interview with the police, she told the detective that CW never slept between her and Filipe; but during trial, she testified that sometimes CW did sleep between them. CW was twelve years old at the time of the incident, and CW's mother testified that CW was physically a lot smaller in height at age twelve than she was at the time of trial. After this witness, Filipe renewed his motion for judgment of acquittal, which the court denied.

The family court found Filipe guilty of Sexual Assault in the First Degree. Filipe filed a renewed Motion for Judgment of Acquittal/Dismissal and/or New Trial. The court denied the motion, its FOFs and COLs stating in relevant part that the court found CW and the examining pediatrician's testimony credible; that Filipe committed digital penetration of CW when she was twelve years old; and that he did so knowingly, voluntarily, and without mistake-of-fact. The court sentenced Filipe to twenty years of imprisonment.

Filipe appealed his conviction.

**B.   ICA Proceedings**

In his appeal to the ICA, Filipe raised five points of error, the fifth of which challenged whether there was sufficient evidence for the family court to find beyond a reasonable doubt that Filipe knowingly digitally penetrated CW.[6] Specifically, Filipe claimed the trial court erred because "no evidence of state of mind had been presented, while . . .

---

[6]   Filipe also asserted the family court erred when it: (1) denied his motion to allow introduction of CW's sexual activity and denied his motion to suppress evidence; (2) relied on the DVD police interview video footage instead of the official transcripts of the interview in determining whether Filipe invoked his right to counsel; (3) stated during the trial that the court would discern admissibility or inadmissibility of evidence in the police interview transcripts and video footage rather than issue detailed rulings on which statements it was relying on and which statements it would not rely upon due to inadmissibility; and (4) overruled Filipe's objection to the deputy prosecutor's "attempting to rehab bad answers by the [CW] even though the [CW] had already answered the very same questions asked of her (asked and answered)."

substantial evidence was presented to show that [Filipe] did not act voluntarily and/or . . [acted] under a mistake of fact – thinking that the person he was touching was his girlfriend."

The ICA concluded that there was "insufficient evidence to support that Filipe 'knowingly' engaged in sexual penetration with 'another person who is less than fourteen years old'" pursuant to HRS § 702-206(2).[7] Noting Filipe's mistake-of-fact defense and the absence of any admission by Filipe in the police interviews that he had knowingly penetrated CW, the ICA determined that CW's testimony did not establish that Filipe knowingly penetrated her.[8] Thus, the ICA held that the State had not adduced evidence at trial to support that Filipe had the requisite state of mind to be convicted. On this basis, the ICA

---

[7] The relevant portion of HRS § 702-206 (2014) provides the state of mind definition:

(2) "Knowingly."

(a) A person acts knowingly with respect to his conduct when he is aware that his conduct is of that nature.

(b) A person acts knowingly with respect to attendant circumstances when he is aware that such circumstances exist.

(c) A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.

[8] The ICA did conclude that "CW's testimony supports that Filipe penetrated CW's vagina with his fingers" despite Filipe's denials that he never penetrated her.

9

reversed the family court's Judgment of Conviction and Sentence and did not consider Filipe's four other points of error.

The State timely filed an Application for Writ of Certiorari.

**C.    Application for Writ of Certiorari**

The State raises the sole point that "the ICA gravely [erred] in concluding that the evidence adduced at trial [did] not support the trier of fact's finding that [Filipe] had the requisite state of mind to be convicted of Sexual Assault in the First Degree[.]"  Specifically, the State argues that Filipe's mistake-of-fact defense required a credibility determination by the fact-finder, and that the family court was uniquely qualified to evaluate witnesses' credibility, weigh all the evidence, and infer Filipe's state of mind from the evidence, to which the ICA should have deferred unless substantial evidence did not exist for the court's finding.

Filipe's response asserts that CW's and her mother's testimonies supported his claim that he did not know he was touching CW, and that in his statements to the police detectives, he never admitted knowing he was touching CW. Filipe maintains that there was insufficient testimony from CW as to whether he was fully awake and conscious when he touched her, and the State failed to show how Filipe, touching the

10

person near him in their midsection, could distinguish between CW and her mother.

The State's reply reiterates its argument that the fact-finder was uniquely qualified to evaluate the credibility of witnesses and weigh the evidence to come to its conclusions, and that an appellate court, viewing the evidence in a light most favorable to the prosecution, should affirm the fact-finder's determination absent a lack of sufficient evidence.

We accepted the State's Application for Writ of Certiorari.

### III. DISCUSSION

When reviewing the sufficiency of the evidence on appeal, the test is not whether guilt beyond a reasonable doubt has been proven, but rather this court looks to see if there was substantial evidence to support the trier of fact's conclusion, viewing the evidence in the strongest light for the prosecution. State v. Kalaola, 124 Hawai'i at 49, 237 P.3d at 1115. Substantial evidence is credible evidence of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Id. Thus, the issue here is whether there was substantial evidence that Filipe knowingly sexually penetrated CW when the incident occurred.

In State v. Eastman, we held that in the absence of direct testimonial evidence of state of mind,

11

> [I]t is not necessary for the prosecution to introduce direct evidence of a defendant's state of mind in order to prove that the defendant acted intentionally, knowingly or recklessly. Given the difficulty of proving the requisite state of mind by direct evidence in criminal cases, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient. State v. Batson, 73 Haw. [236,] 254, 831 P.2d [924,] 934 [(1992)] (holding that substantial circumstantial evidence supported a trial court's conclusion that a defendant had knowingly caused his son's death). The mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances. Id.

81 Hawaiʻi 131, 140-41, 913 P.2d 57, 66-67 (1996) (cleaned up).

Further, "[i]t is for the trial judge as fact-finder to assess the credibility of witnesses and to resolve all questions of fact; the judge may accept or reject any witness's testimony in whole or in part." Id. at 139, 913 P.2d at 65; see also State v. Higa, 126 Hawaiʻi 247, 257, 269 P.3d 782, 792 (App. 2012) ("The trier of fact has the responsibility of reconciling conflicting evidence." (citations omitted)).

In the instant case, Filipe was convicted of Sexual Assault in the First Degree for knowingly digitally penetrating CW. A conviction for such an offense required the State to prove that Filipe "knowingly" engaged in sexual penetration with a person who was less than fourteen years old. HRS § 707-730(1)(b).

Testimony at trial from CW's examining physician indicated physical evidence of genital trauma consistent with penetration. CW also testified that when the incident occurred, the bedroom was well lit, she was lying face up in the bed so her face was

12

visible, and she could see Filipe's face and tattoos as he moved his hand under her nightgown, under the waistband of her underwear, and inserted a finger into her.  CW further testified that she turned away from him and attempted unsuccessfully to awaken her mother.

Filipe admitted to HPD that he knew he was touching CW when she moved, yet there was nothing in the record indicating that Filipe apologized to CW or told her that he mistakenly thought she was her mother.  Instead, CW testified that after the incident, Filipe said nothing to her or to her mother.  See State v. Cordeiro, 99 Hawai'i 390, 412, 56 P.3d 692, 714 (2002) ("'A defendant's activity after committing a crime in an attempt to evade detection is relevant circumstantial evidence of guilt.'" (quoting Mitchell v. State, 982 P.2d 717, 723 (Wyo. 1999) (citation omitted)).

The investigating police detectives testified that when first interviewed, Filipe initially denied anything had happened, "denied ever touching [CW]," and accused CW of lying because he took her cell phone away.  While Filipe did not admit that he knew he was touching CW, detectives testified that he admitted lying when he denied touching CW in his first interview with the lead detective.  And in his second statement to the lead investigator, Filipe changed his story.  He admitted to

13

having "reached over and grabbed [CW]," putting his hand on CW's genital area and groping it, but denied putting a finger inside CW and denied knowing it was her, asserting that he believed it was CW's mother whom he was touching. However, CW also testified that Filipe and her mother "were never intimate in front of me." Further, the lead detective testified that Filipe was asked if CW was lying and he said, "[CW] is not lying"; and when asked by the detective "who's lying," he responded, "I'm probably lying."

The testimony and police statement by Filipe's girlfriend were inconsistent. She testified that she told the police detective she was sleeping next to Filipe that morning, that Filipe had reached over her to touch CW, and that she had awoken and yelled "That's not me. That's [CW]." This statement to the detective was directly contradicted by CW's testimony that she had slept the night before between the two adults, and she could not wake her mother after Filipe had penetrated her. CW's mother was asked by the deputy prosecutor if "[t]hat's what you wanted [the lead detective] to believe about what happened," and she answered, "Correct." CW's mother further testified that she told the detective that CW never slept in the middle but acknowledged at trial that CW slept in the middle a "couple of nights," including the night before the incident. There were only three people sleeping in the bed that morning: two adults

and a minor. CW's mother testified during trial that CW was a lot smaller in height when the incident happened. The family court as the trier of fact had the benefit of seeing CW and her mother testify in person.

The ICA noted that CW's testimony supported Filipe having penetrated her with his fingers, despite Filipe's denials to the police detectives that this had happened. On the other hand, the ICA relied on Filipe's denials to the detectives that he knowingly engaged in the sexual penetration of CW and that he instead believed he was sexually touching his girlfriend. The ICA did not address, however, that Filipe had changed his story in his statements to the police, or the testimony of the lead detective that, when asked if CW was lying, Filipe said, "[CW] is not lying," and that he stated, "I'm probably lying." When faced with conflicting evidence, assessment of the credibility of witnesses, and the weight to be given to their testimony and the evidence, is within the province of the trier of fact to resolve. See Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai'i 286, 296-97, 304, 141 P.3d 459, 469-70, 477 (2006).

In weighing all of this evidence, including the credibility of the witnesses, the family court found CW and the examining pediatrician were credible. Notwithstanding his denials to the contrary, the fact of Filipe's digital penetration of CW, "and

15

not mere fondling," supported the family court's finding that Filipe acted knowingly and without mistake-of-fact when he sexually penetrated CW.  Filipe initially lied to the police, then later changed his story and admitted to groping CW, while maintaining he never penetrated CW and that he believed he was groping CW's mother.

An appellate court shall defer to the trier of fact where there is substantial evidence to support the fact-finder's decision.  Here, the family court had before it a full body of evidence to evaluate, weigh, and accept or reject in whole or in part, including inconsistencies and contradictory statements from witnesses, as well as its own observations of witnesses and their demeanors during the trial.  Upon review of the trial evidence in the light most favorable to the prosecution, and giving due deference to the trier of fact to determine credibility and to draw justifiable inferences of fact, we respectfully disagree with the ICA's conclusion.  There was substantial evidence of Filipe's guilt based on the testimony of several witnesses, including CW, an examining doctor, two HPD detectives, and Filipe's girlfriend.

### IV.  CONCLUSION

We conclude that the ICA erred in reversing Filipe's conviction.  There is substantial evidence in the record that Filipe was guilty of knowingly sexually assaulting CW.

Accordingly, we vacate the ICA's March 12, 2024 Judgment on Appeal reversing the family court's Judgment of Conviction and Sentence entered on November 15, 2022.  We remand the case to the ICA to address the remaining four points of error raised by Filipe in his Opening Brief.

DATED:  Honolulu, Hawaiʻi, August 13, 2024.


Stephen K. Tsushima
for petitioner

Kai Lawrence
for respondent

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Lisa M. Ginoza

/s/ Vladimir P. Devens

/s/ Shanlyn A.S. Park

